UNITED STATES DISTRICT COURT
THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Susan A. Skoog, <br> Plaintiff, | CASE NO.: 2:24-cv-323-DCN-MGB |
| v. | **COMPLAINT** <br> **(Jury Trial Demanded)** |
| Food Lion, LLC, <br> Defendant, | |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination, sexual harassment, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about December 5, 2023.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Susan A. Skoog, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Food Lion, LLC, upon information and belief, is a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

1

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs twenty (20) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about November 17, 2022, the Plaintiff began working for the Defendant as a DSD Receiver.

11. The Plaintiff was fifty (50) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. The Plaintiff was subjected to discrimination and sexual harassment by sexual advances and derogatory comments made by the Janitor, Chuck Villani.

13. Beginning in January 2023, Mr. Villani began to make sexual advances and comments to Plaintiff on a daily basis, such as comments on how she would dress and how she looked.

14. Soon thereafter, Mr. Villani told Plaintiff that he wanted her to start taking her lunch with him.

15. Plaintiff declined Mr. Villani's sexual advances, and Plaintiff informed him that she was not interested in his advances.

16. After Plaintiff informed Mr. Villani she was not interested in his sexual advances, he began to openly insult and harass Plaintiff at work.

17. On or about January 4, 2023, Mr. Villani began to accuse the Plaintiff of providing sexual favors to the vendors that came into the Defendant company. One time in particular, Mr. Villani began to tell Plaintiff that she was "flirting" with the vendor, and that Mr. Villani did not like it. Plaintiff had been given donuts by this vendor and she put them in the breakroom for everyone. Mr. Villani stated, "See you are getting benefits from your flirting."

18. Despite Plaintiff reporting the discriminating and harassing behavior to the Store Manager, Dusty McCracken, Assistant Store Manager, Peter Allston, Interim Store Manager, Bob Powell, and the Evening Manager, Connie Vanderhyde, Defendant did not take appropriate action to resolve the problems and caused a hostile work environment.

19. Shortly after Plaintiff's reports, she applied for an open position of Grocery Manager.

20. Plaintiff approached Mr. McCracken regarding the open Grocery Manager position, Mr. McCracken told her that she was a woman, and the Grocery Manager was not a woman's job, and that she would not be considered for that position.

21. Shortly after that conversation, Defendant hired a much younger male as the Grocery Manager.

22. Because the much younger Grocery Manager had little to no experience, Plaintiff was directed to perform many of his duties or to train him on his duties.

23. Plaintiff reported this discrimination to the managers and again reported the ongoing harassment and discrimination by Mr. Villani. Mr. McCracken and the other managers told Plaintiff they were not going to do anything about either situation.

24. Plaintiff then called Human Resources and further reports the above-mentioned discrimination, harassment, and hostile work environment.

25. Plaintiff was then placed on unpaid personal leave and subsequently terminated on or about April 5, 2023.

26. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
**Violation of Age Discrimination in Employment Act**

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Plaintiff is a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

29. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ Plaintiff due to her age;

    b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

3

    c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

30. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

31. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

32. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act - Retaliation

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. That as alleged above, Plaintiff complained to the Defendant on several occasions about age discrimination.

35. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

36. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

37. The Defendant's stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

38. The Plaintiff's reports of age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age discrimination, she would not have been terminated.

39. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

40. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

41. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

42. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

43. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

44. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have her lost wage amount doubled against the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Sexual Harassment - Title VII of Civil Rights Act of 1964

45. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

46. Defendant, as Plaintiff and Mr. Villani's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Mr. Villani to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

47. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

48. As a direct and proximate result of the acts and practices of Defendant in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation - Title VII of Civil Rights Act of 1964

49. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

50. As alleged above, plaintiff complained to the Defendant on several occasions about sexual harassment.

51. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

52. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

53. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

54. The Plaintiff's reports of sexual harassment were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of sexual harassment, she would not have been terminated.

55. The Defendant was wanton, reckless, and intentional in the retaliation against the Plaintiff for engaging in protected activity.

56. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

57. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

58. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

59. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

60. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

### FOR A FIFTH CAUSE OF ACTION
**Hostile Work Environment**

61. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

62. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

63. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

64. The Defendant was wanton, reckless, and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

65. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

66. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## **REQUEST FOR RELIEF**

67. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

68. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

69. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact said amount to be doubled; and

5.  Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. ID# 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
January 23, 2024